IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FLOYD NUNN, et al.,                    )
                                       )
            Plaintiffs,                )
                                       )
    v.                                 )    No.  05 C 201
                                       )
JOHN SULLIVAN, et al.,                 )
                                       )
            Defendants.                )

MEMORANDUM ORDER

Dan Sullivan ("Sullivan") has just filed a self-prepared Answer to the Complaint brought against him and other codefendants by Floyd and Nellie Nunn (collectively "Nunns"). This Court sua sponte strikes Sullivan's Answer because of its noncompliance with some fundamental rules of federal pleading.

To begin with, although nonlawyer Sullivan is obviously unaware of this requirement, this District Court's LR 10.1 sets out this requirement for any responsive pleading:

> Responsive pleadings shall be made in numbered paragraphs each corresponding to and stating a concise summary of the paragraph to which it is directed.

Most frequently a defendant will comply with that requirement by repeating each paragraph of a complaint verbatim, followed by defendant's answer to that paragraph (a procedure that enables opposing counsel and the Court to see just what is and what is not being placed in issue, without having to flip back and forth between two documents). Sullivan is expected to comply with that requirement when he provides his proper Amended Answer.

Most significantly, by far the major part of Nunns' allegations are not responded to by Sullivan at all, in direct violation of the first sentence of Fed. R. Civ. P. ("Rule") 8(b), on the premise that those allegations are assertedly "beyond the scope of his personal knowledge" (see Answer ¶¶1, 2, 4-7, 10-19, 24-43, 47-49, 51, 52, 55, 58, 61, 63, 66, 68, 71-76, 78-85, 90, 101 and 103). If and to the extent that Sullivan may believe that he is entitled to the benefit of a deemed denial as to any of Nunns' allegations, he is reminded that any possible use of the disclaimer contained in the second sentence of Rule 8(b) for that purpose (see App. ¶1 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001)) is subject to the requirement of Rule 11(b) that all written filings by any litigant or lawyer must satisfy an objective (as well as a subjective) good faith standard.

There are some other problems with Sullivan's Answer that also require correction. Here they are:

1. Answer ¶¶8 and 9 improperly refrain from responding to the Nunns' corresponding allegations "because it is a matter of Law." That too is wrong--see App. ¶2 to State Farm. Hence those paragraphs must also be properly answered in the Amended Complaint.

2. Next Sullivan fails to answer Complaint ¶62 on the premise that the allegations there "do not affect him."

That too is not a basis for failing to comply with the first sentence of Rule 8(b), and Complaint ¶62 must also be answered.

3. Finally, Sullivan has twice inserted a demand for "specific proof" (Answer ¶¶67 and 101). Like demands for "strict proof" (again see App. ¶1 to State Farm), that adds nothing to a defendant's responses. It should be omitted the next time around.

In summary, the Answer is stricken in its entirety. Sullivan is granted until May 16, 2005 to file a self-contained Amended Answer in compliance with the terms of this memorandum order in this Court's chambers (with a copy contemporaneously being transmitted to Nunns' counsel), failing which all allegations of the Complaint will be deemed to have been admitted by Sullivan.

Milton I. Shadur
Senior United States District Judge

Date: May 4, 2005